UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL T. D. REYNOLDS,

    Plaintiff,

v.                                                Case No. 20-10891

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Michael T. D. Reynolds brings this action under 42 U.S.C. §§ 405(g) challenging Defendant Commissioner of Social Security's decision to deny Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. (ECF No. 1.) The case was referred to Magistrate Judge R. Steven Whalen on April 7, 2020. (ECF No. 3.) Plaintiff and Defendant have now filed cross motions for summary judgment. (ECF Nos. 14, 20.) The Magistrate Judge recommended on February 17, 2021, that the court deny Plaintiff's motion and grant Defendant's motion. (ECF No. 22.)

On April 20, 2021, Plaintiff filed two objections to the Report and Recommendation ("R&R").[1] (ECF No. 24.) Defendant timely filed a response. (ECF No.

---

[1] The court previously granted Plaintiff an extension of time to file his objections, so they are timely. (*See* ECF No. 23.)

25.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the court will overrule Plaintiff's objections and adopt the R&R.

## I. BACKGROUND

Plaintiff applied for disability insurance benefits for DIB and SSI in April 2017. Plaintiff claimed disability due to Attention Deficit Hyperactivity Disorder ("ADHD"), alleging disability as of September 23, 2014. (ECF No. 12, PageID.223). Upon initial denial of the claim, Plaintiff challenged Defendant's decision at a hearing before administrative law judge ("ALJ") Kari Dening. (*Id.,* PageID.89.) Both Plaintiff and a vocational expert testified at the hearing. (*Id.*, PageID.94.) When adjudicating the claim, the ALJ also considered a 2011 non-examining assessment completed by Morgan Kyle, Psy.D, a September 2017 consultative examination completed by Erik J. Makie, Psy.D., and a September 2017 non-examining review of the treating and consultative records performed by Barbara Moura, Psy.D. (*Id.*, PageID.137-138, 424, 434, 456.) On January 24, 2019, the ALJ determined that Plaintiff was not disabled. (*Id.,* PageID.71-82.) Plaintiff appealed the decision, but the SSA's Appeals Council declined to review the ALJ's decision. (*Id.,* PageID.57). Plaintiff then filed the present action. (ECF No. 1.)

## II. STANDARD

When a party files timely objections to an R&R, the court "make[s] a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–74 (1980). This process provides the court "the opportunity to consider the specific contentions of the parties," *United States v. Walters*, 638 F.2d 947,

950 (6th Cir. 1981), and "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). After re-examining the evidence relevant to these objections, the court determines whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In considering whether a claimant is entitled to disability benefits, the Commissioner is to determine whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. § 404.1520. The Plaintiff has the burden of proof as to steps 1-4, but as to step 5, the burden shifts to the Commissioner to show that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 391-92 (6th Cir. 1999).

In the present case, after examining the medical records and Plaintiff's employment history, the ALJ found that the Plaintiff had Residual Functional Capacity ("RFC") so his claim failed step two analysis under 20 C.F.R. § 404.1520. (ECF No. 12,

3

PageID.74-75.) The R&R affirmed this determination. (ECF No. 22, PageID.541.) Plaintiff has now filed two objections to the Magistrate Judge's R&R, and the court will address each in turn.

### A. First Objection

Plaintiff's first objection is that the Magistrate Judge's analysis as to the ALJ's incorporation of Dr. Makie's findings is simply a "rubber stamp" of the decision and should be rejected. (ECF No.24, PageID.546.) Plaintiff's argument is that the Magistrate Judge summarized these findings and did not provide an analysis as to whether the ALJ's RFC determination erred by not reflecting all of Dr. Makie's findings, and in particular, the findings as to Plaintiff's need for accommodated work. Plaintiff acknowledges that the standard of review is deferential, and where the "substantial evidence supports the ALJ's decision, the reviewing court 'defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r. of Soc. Sec.,* 581 F.3d 299, 406 (6th Cir. 2009)(*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). However, Plaintiff argues that the Magistrate Judge simply "reiterated" the reasons relied upon by the ALJ.

The court has reviewed Dr. Makie's report and concludes that the R&R is consistent with the logically sound findings of the report. After conducting both an IQ test and an interview, Dr. Makie provided the following conclusion at the end of his report:

> [I]t is my impression that Mr. Reynolds is mentally capable of understanding, attending to, remembering, and carrying out instructions related to at least unskilled/repetitive work-related behaviors. Regarding social/interactional functioning as it pertains to work related behavior, it is my impression that Mr. Reynolds's abilities to respond appropriately to co-workers and supervision and to adapt to change and stress in the workplace are not

4

>  overtly impaired and he appears capable of appropriate social interactions and interpretations/responses to novel situations.

(ECF No. 12, PageID.461.) In other words, Dr. Makie's opinion "states unambiguously that plaintiff could perform a range of unskilled work," (*see* ECF No. 22, PageID.536.) despite IQ scores ranging from a "low average" score in visual working memory to "extremely low" in working memory, (*see* ECF No. 12, PageID.459.) The ALJ here was not picking and choosing evidence, as Plaintiff contends, she simply followed Dr. Makie's clinical conclusion that Plaintiff's intellectual deficiencies nevertheless allowed him to perform a range of unskilled work. Rather it is Plaintiff's reading of Dr. Makie's comments regarding Plaintiff's IQ scores—where Makie referred to "profiles in general" rather than Plaintiff specifically—that is an example of cherry picking information from a medical report and disregarding the expert's ultimate conclusion. Dr. Makie's opinion explicitly concluded that, "Reynolds is mentally capable of understanding, attending to, remembering, and carrying out instructions related to at least unskilled/repetitive work-related behaviors." (ECF No. 22, PageID.535.) As Defendant points out, Plaintiff's current objection does nothing to disprove that determination. (ECF No. 25, PageID.557.) Thus, the court will overrule Plaintiff's first objection.[2]

---

[2]   While Plaintiff, in the alternative, now argues Dr. Makie's report does not specifically apply to him because it refers to only general profiles similar to Plaintiff (*see* ECF No. 24, PageID.549), this argument also means he loses any medically creditable evidence supporting his disability claim. Afterall, it is the Plaintiff's burden to prove his residual functional capacity limitations. Furthermore, as this was not what Plaintiff argued in his initial brief or in his reply brief, it is improper for him to raise this argument now at the late stage of proceedings. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-518 (6th Cir. 2010) (argument raised for the first time in RR objection is waived).

**B. Second Objection**

Plaintiff's second objection is that the Magistrate Judge erred in finding that the ALJ correctly utilized Dr. Kyle's expert opinion in her RFC determination. When Plaintiff was examined by Dr. Kyle in December, 2011, Dr. Kyle found "moderate limitation in the ability to understand, remember, and carry out detailed instructions; concentrate for extended periods; stay within a schedule; complete a work week without psychological limitation; adapt to workplace changes; and set realistic goals." (ECF No. 12, PageID.439-440.) However, Dr. Kyle also found that it would "not be a substantial limitation" for Plaintiff to perform "simple two-step tasks." (*Id.*) The ALJ expressly discounted Dr. Kyle's 2011 determination in her ruling, noting that the 2011 State Disability Determination Service's "assessments from prior application in 2011 utilize the prior mental health listings and thus are not persuasive." (ECF No. 12, PageID.80.) When the Plaintiff appealed, he argued that the ALJ failed to properly weigh Dr. Kyle's medical opinion and argued that Dr. Kyle's assessment supported his view. (ECF No. 14, PageID.487.)

Addressing this line of argumentation, the Magistrate determined that the ALJ's decision to discount Dr. Kyle's report, which utilized outdated standards, "was within the 'zone of choice' accorded to the fact-finder at the administrative hearing level." (ECF No. 22, PageID.540-41.) The R&R also noted, however, that the contents of Dr. Kyle's report did not so indisputably support Plaintiff's view of the case:

> Dr. Kyle found only moderate limitation in concentration, persistence, or pace with otherwise mild psychological limitation ([ECF No. 12,] Pg.ID.434). To be sure, in an accompanying mental residual functional capacity assessment Dr. Kyle found moderate limitation in the ability to understand, remember, and carry out detailed instructions; concentrate for extended periods; stay within a schedule; complete a workweek without psychological limitation; adapt to

6

> workplace changes; and set realistic goals (Pg.ID.439). However, consistent with Dr. Makie's opinion, Dr. Kyle concluded that the limitations did not preclude work involving "simple two-step tasks" (Pg.ID.440).

(ECF No. 22, PageID.540.) Plaintiff now contends that both the ALJ and Magistrate are improperly attempting to have it both ways—discounting Dr. Kyle's testimony as irrelevant and outdated while still relying on part of it in support of their residual capacity finding. (ECF No. 24, PageID.551-52.) This is not the case.

Because the ALJ's determination is properly supported by the up-to-date medical opinions of Dr. Makie and Dr. Moura, the ALJ was within her discretion when she chose to discount Dr. Kyle's report. To the extent the ALJ and Magistrate included language suggesting that Dr. Kyle's observations, even if considered, would not lead to a different conclusion, the court views such language as merely providing an alternative explanation that further buttresses the existing conclusion. Dr. Kyle's findings are not needed to support the ALJ's conclusion, the ALJ merely noted, in the alternative, that Dr. Kyle's report actually appears to be consistent with the later findings of Dr. Makie and Dr. Moura. The ALJ's ultimate conclusion, about the Plaintiff's ability to engage in gainful employment, is well supported by Dr. Makie's and Dr. Moura's testimony alone. Thus, the court will overrule Plaintiff's second objection.

## IV. CONCLUSION

For the reasons stated above, the court will overrule Plaintiff's objections and adopt the Magistrate Judge's R&R in full and without amendment. Accordingly,

IT IS ORDERED that Plaintiff's objections (ECF No. 24) are OVERRULED, and the Magistrate Judge's April 2, 2021 Report and Recommendation (ECF No. 22) is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED, and Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  August 27, 2021
I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 27, 2021, by electronic and/or ordinary mail.
        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (810)292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\20-10891.REYNOLDS.ObjectionstoRR.NF.AAB.RHC.docx